**Marta GAVRILOVA, a.k.a. Marta Istrin, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–73534.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 20, 2009.*

Filed Jan. 29, 2009.

Sergei Shevchenko, Barshev, P.C., Beverly Hills, CA, for Petitioner.

OIL, Siu P. Wong, Esquire, Trial, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, SILVERMAN and BYBEE, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order de-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

nying petitioner's second motion to reopen deportation proceedings.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008).

■ The regulations state that a motion to reopen proceedings must be filed no later than ninety days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). A review of the administrative record demonstrates that the BIA did not abuse its discretion in denying petitioner's motion to reopen as untimely. Petitioner's final administrative order of deportation was entered on June 15, 1998. Petitioner's motion to reopen was filed on January 29, 2008, more than ninety days after the date on which the final order of deportation was entered and petitioner has not established that any exceptions to this time limit apply. *See id.*

■ Further, the regulations state that a party may file only one motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2). Therefore, the BIA did not abuse its discretion in denying petitioner's second motion to reopen as also barred by numerical limitations.

Accordingly, respondent's motion for summary disposition in part is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

Further, this court lacks jurisdiction to review the BIA's decision not to reopen proceedings *sua sponte. See Ekimian v. INS,* 303 F.3d 1153 (9th Cir.2002). Ac-

cordingly, respondent's motion to dismiss in part is granted.

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**